UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDREW CLARK SANDERS,

        Plaintiff,

v.   Case No:   6:20-cv-1005-GJK

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## MEMORANDUM OF DECISION[1]

Andrew Clark Sanders ("Claimant"), appeals from a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for supplemental security income benefits. Doc. No. 1; R. 18. Claimant alleges a disability onset date of November 8, 2016. R. 159. Claimant argues that the decision should be reversed because the Appeals Council improperly rejected new and material evidence. Doc. No. 20 at 17-19.[2] Because the Appeals Council so erred, the final decision of the Commissioner is **REVERSED and REMANDED** for further proceedings.[3]

---

[1] Magistrate Judge David A. Baker is substituting for Magistrate Judge Gregory J. Kelly.
[2] The parties' counsel are commended for submitting a concise joint memorandum that included only those facts pertinent to the arguments made.
[3] As this issue is dispositive, there is no need to address Claimant's other arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors). In this circuit,

## I.     STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla–i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations."); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew,

---

"[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.   ANALYSIS.

Claimant argues that the Appeals Council erred when it rejected the new evidence he submitted after the Administrative Law Judge ("ALJ") ruled. Doc. No. 20 at 17-19. The new evidence is a report by Mark L. Heckman, Med, CRC, LPC, a vocational rehabilitation counselor (the "Report"). R. 12. The opinions in the Report conflict with the decision of the ALJ that, based on the testimony of the vocational expert ("VE"), Claimant can make a successful adjustment to other work that exists in significant numbers in the national economy. R. 29. The Appeals Council stated that the Report "does not show a reasonable probability that it would change the outcome of the decision." R. 2.

"A claimant may generally present new evidence at each stage of the administrative process—including to the Appeals Council—if the evidence is new, material, and relates to the period on or before the date of the ALJ's decision." *Sorter v. Soc. Sec. Admin., Comm'r*, 773 F. App'x 1070, 1072 (11th Cir. 2019) (citing 20 C.F.R. §§ 404.970, 416.1470; *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007)). If the evidence is new, material, and chronologically relevant, then the Appeals Council must consider it. *Id.* "When the Appeals

Council erroneously refuses to consider such evidence, it commits legal error, and remand is appropriate." *Id.* Evidence is material if "there is a reasonable possibility that it would change the administrative result . . . ." *Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir. 1987); *see also* 20 C.F.R. § 416.1470(a)(5) (Appeals Council will review a case "[s]ubject to paragraph (b) of this section, [if it] receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision.").

The Commissioner does not dispute that the Report is new and chronologically relevant. Doc. No. 20 at 19-20. Instead, he argues that the Report could not reasonably be expected to change the administrative result because it relies on data and evidence outside of the Dictionary of Occupational Titles, which is not required by the Commissioner, and the Report demonstrates that there are significant numbers of jobs that exist in the national economy. *Id.*

The Report, however, also states that someone with Claimant's residual functional capacity ("RFC") could not perform any job. R. 12. The ALJ gave Claimant the following RFC:

> sedentary work as defined in 20 CFR 416.967(a) except he cannot push or pull on leg controls; he can occasionally climb ramps and stairs with a handrail, but never ladders, ropes, or scaffolds; he can occasionally stoop, kneel, crouch, and crawl; and he can have no more than occasional exposure to vibration and hazards. In addition, he can perform simple

> routine tasks, in a relatively static environment; and *he can have superficial interaction (no negotiation, confrontation, arbitration, mediation, and no supervision or persuasion) with others*.

R. 23 (emphasis added). Based on this RFC, the VE testified that a person with such limitations could perform the jobs of touch up screener, patcher, and addresser. R. 66-67. The ALJ relied on this testimony in finding that Claimant can make a successful adjustment to other work that exists in significant numbers in the national economy, and thus was not disabled. R. 28-29.

In the Report, however, Heckman states that based on his forty-five years of experience as a vocational rehabilitation counselor, "a limitation to superficial interaction with coworkers and supervisors precludes all work, as the training and probationary period for any job would require more than, superficial interactions with co-workers and supervisors, including the above described jobs." R. 12. This directly contradicts the VE's testimony and the ALJ's finding that a person with Claimant's RFC could perform the jobs of touch up screener, patcher, and addresser. R. 28-29, 66-67.

In *Vega v. Commissioner of Social Security*, 265 F.3d 1214, 1219 (11th Cir. 2001), the Eleventh Circuit held that the new evidence submitted to the Appeals Council was material and demonstrated a reasonable possibility that it would change the administrative result because it contradicted the ALJ's findings and conclusions regarding the severity of the claimant's spinal problems. Because the Report in this

case contradicts the ALJ's findings and conclusions regarding Claimant's ability to perform the jobs of touch up screener, patcher, and addresser, it is material, and the Appeals Council erred in finding that there was not a reasonable probability that it would change the outcome of the decision.

### III.   CONCLUSION.

For the reason stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida, on June 15, 2021.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Erik W. Berger, Esq.
Osterhout Berger Disability Law
3744 Dupont Station Court South
Jacksonville, FL 32217

Maria Chapa Lopez
United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200

Tampa, FL 33602

Christopher Harris, Regional Chief Counsel
John C. Stoner, Deputy Regional Chief Counsel
Nadine DeLuca Elder, Branch Chief
W. Kevin Snyder, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Sam Nunn Atlanta Federal Center
61 Forsyth Street S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Jerry Faust
Administrative Law Judge
Office of Hearings Operations
Building 110, 2nd Floor
4300 Goodfellow Blvd.
Saint Louis, MO 63120-1700